## DOW TAX OMISSIONS.

[Circuit Court of Clark County.]

T. J. CASPER v. J. T. NORRIS.

Decided, December Term, 1901.

*Dow Tax—Complaint of Failure to Pay Assessment—Action of Probate Court Thereon—Ministerial in Character—And Not Reviewable on Error—Judicial and Ministeria, Power.*

The action of the probate court upon a complaint that the assessment upon the liquor traffic, commonly known as the "Dow tax," is being evaded is ministerial in character, and the finding of such court upon the complaint is not reviewable on error.

SULLIVAN, J.; WILSON, J., and SUMMERS, J., concur.

In this case the probate court dismissed the complaint filed by defendant in that court, under Section 4364-9*a*, Revised Statutes. Plaintiff in error, who was defendant below, filed a general demurrer to the complaint setting forth several grounds, one being that the law under which the complaint was drawn and filed was unconstitutional. Upon that ground the probate court sustained the demurrer, dismissed the complaint and entered up a judgment against defendant in error for costs. To reverse that judgment defendant in error prosecuted error to the common pleas. That court reversed the judgment of the probate court, and error is prosecuted here to reverse the judgment of the common pleas.

Counsel for plaintiff in error presented in oral argument three several grounds, upon either or any one of which they insist the judgment of the common pleas should be reversed. It will not, however, be necessary in view of the conclusion we have reached to notice but one, and that is whether the common pleas erred in overruling the motion of plaintiff in error to dismiss the petition in error to the probate court. It is the action of that court upon the motion filed April 12, 1901. The fifth ground of that motion may be construed, we think, as one asking for a dismissal of the petition, for want of jurisdiction in that court.

Sections 4364-9a-9b-9c-9d and 9e, Revised Statutes, in 94 O. L., 332, 333, are supplementary to Section 4364-9, and were passed April 16, 1901.  Sections 4364-9 and the several sections following aside from the supplementary sections are commonly known as the Dow law, fixing a tax upon the business of trafficking in spirituous, vinous, malt or any intoxicating liquors. Section 4364-9 Revised Statutes, fixes the amount; Section 4364-10, Revised Statutes, makes the same a lien upon the premises in which the business is carried on; 4364-12 provides for the collection of the tax; 4364-13 provides:

"That every assessor shall return to the county auditor with his other returns, a statement  *  *  *  as to every place within his jurisdiction where such business is conducted, showing the name of the person, corporation or copartnership engaged therein, a brief and accurate description of the premises where the same is conducted, and by whom owned; said statement shall be signed and verified before such assessor by such person, corporation or co-partnership."

If on demand, they fail or refuse to furnish the requisite information for such statement, sign and verify the same, the assessment on the business shall be $400, an increase of $50 over the amount fixed in Section 4364-9.

Section 4364-14, Revised Statutes, provides:

"That the county auditor shall make and preserve duplicates of such assessments, alphabetically arranged, showing the amount and date of each assessment, by whom to be paid, and the premises whereon the same is a lien.  And upon receiving satisfactory information of any such business liable to assessment or increased assessment," as provided in Section 4364-13, "he shall forthwith enter the same upon such duplicate and upon the county treasurer's copy thereof."

Section 4363-9a, provides that:

"Upon complaint in writing to any person, verified by affidavit filed in the probate court of any county in the state of Ohio that any person, corporation or copartnership is engaged in such county in the trafficking in spirituous, vinous, malt or any intoxicating liquor and whose name does not appear on the auditor's duplicate in such county as  *  *  *  engaged in

such traffic, has refused or neglected to pay the assessment made upon such business, commonly known as the 'Dow tax,' * * * the probate court shall forthwith issue notice to such person, corporation or co-partnership of the filing of said complaint and requiring them to appear before said court at a time therein mentioned, not to exceed four days from the date of the issuing of said notice, and show cause why said business should not be entered upon the duplicate of said county for assessment; and said notice shall be directed to the sheriff of said county, and shall be served and returned by him within the time hereinbefore named in the same manner as summons is served in civil action.''

The complaint made by John T. Norris against Casper contains substantially all the matter set out in this section; notice was prepared, served and returned as provided in the section. The purpose of this supplementary act, we think, is apparent. It is to bring upon the duplicate persons engaged in the traffic under the guise and name of a different business, and thus avoid payment of the tax. By Section 4364-13 it is made the duty of the assessor to discover and return all places and names' of all persons engaged in the traffic, together with a description of the premises in which carried on, no matter under what guise or name it is conducted. If the matter set forth in the complaint herein was given to the auditor, that officer, if he discharged his duty, has the power to do all that is provided in these supplementary acts, except in the amount of penalty, and the penalty provided for in the supplementary act is to be added by the auditor.

If the probate court upon a hearing found against the complaint, the auditor could still exercise the same power and do the same duty. What is the nature of the power sought to be conferred by this act on the probate court? Is it judicial or ministerial? When exercised by the county auditor it is held to be ministerial (*Musser* v. *Adair,* 55 Ohio St., 466). The court say in that case the county auditor "in making additions to the returns of a person, of his property for taxation, does not act as a judge. He acts simply as an agent of the state. * * * He is simply a ministerial officer and none other. * * * The township assessor, the auditor and the board of

equalization are all parts of the same system, devised by the Legislature for the assessment of the property of individuals for the purpose of taxation.''

We take it that the duty of the county auditor under Section 4364-14 is the same in character as that of making additions terial power when exercised by the auditor, when by a legislative act the same is conferred upon the probate court, does it become a judicial power? In *DeCamp* v. *Archibald*, 50 Ohio St., 618, 625, the court, in defining judicial powers, say:

''The term 'judicial power' as used in the Constitution is not capable of a precise definition. It is included in the power to hear and determine, but does not exhaust the power. That it embraces the hearing and determining of all suits and actions, whether public or private, there can be no doubt. But we think that it is equally clear that it does not necessarily include the power to hear and determine a matter, that is not in the nature of a suit or action between parties. Power to hear and determine matters, more or less directly affecting public and private rights, is conferred upon and exercised by administrative officers.''

Judicial powers are those conferred on judges as courts in the hearing and determining of questions arising in litigation between parties in actions pending before them. *State* v. *Harmon*, 31 Ohio St., 250; *DeCamp* v. *Archibald*, 50 Ohio St., 618, 624.

The proceedings provided for by Section 4364-9a is not between parties; it is not to secure a right to any one in litigation or to establish the right of any person. Any person without regard to any individual interest or right may file the complaint; in fact he need not be a tax-payer or have any interest to be affected by the failure of the party complained of to pay the tax. So the proceeding sought to be provided for is not adsersary in its character, not between parties. It is, as we take it, a duplicate if we may so term it of the one provided the county auditor may take to accomplish the same purpose, no broader in its terms, adding nothing to make it a judicial power. If executed it simply succeeds in placing upon the duplicate the name of one evading tax under the Dow Law; the same thing

can be done now and could have been done by the auditor before the supplementary act.

Being then simply a ministerial power, error did not lie from the action of the probate court, and the motion of Casper in the common pleas to dismiss the petition in error should have been sustained. The judgment of the common pleas is reversed and this court entering the judgment that court should have returned, dismisses the petition in error as the common pleas had no jurisdiction to entertain the petition in error from the probate court for the reasons stated. Other errors insisted upon by plaintiff in error are not necessary to be considered. Judgment for costs of this court will be taxed to defendant in error.

*Oscar T. Martin* and *F. M. Hagan*, for plaintiff in error.

*M. B. Earnhart*, for defendant in error.